
FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 13 2004

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW BROWN,

    Petitioner,

v.

    Civ. 04-0428 RB/RLP

LANE BLAIR, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

1.    This is a proceeding brought pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated in the Torrance County Detention Facility in Estancia, New Mexico. In February, 1996, a jury found him guilty of first degree murder, conspiracy to commit first degree murder, and two counts of tampering with evidence. He was sentenced to a total term of life imprisonment plus 12 years. See Answer [Doc. 17], Exhibit A.

2.    Respondent filed a Motion to Dismiss arguing that most of Petitioner's claims are either not exhausted or procedurally defaulted. In addition, Respondent asserts that the petition is beyond the one-year limitation period set forth in § 2244(d)(1)(A). Because the court finds that the petition is time-barred, it does not address the other issues.

3.    The Judgment, Sentence and Commitment was entered on April 2, 1996. Exhibit A. Petitioner filed a direct appeal to the New Mexico Supreme Court ("NMSC"),

---

[1] Within ten (10) days after a party is served with a copy of this Proposed Findings and Recommended Disposition (hereinafter "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

18

which was denied on September 16, 1998. The NMSC denied Petitioner's request for rehearing on November 5, 1998. Petitioner did not file an application for writ of certiorari with the United States Supreme Court, but he is entitled to the 90 days for filing such a writ. See Locke v. Saffle, 237 F.3d 1269, 1272 (10th Cir. 2001). His one-year limitation period began to run on February 5, 1999 (November 5, 1998 plus 90 days).

4.  Petitioner filed a petition for writ of habeas corpus in state court on September 28, 1999. This filing tolled the limitation period. The state habeas petition was denied on June 19, 2003. Petitioner did not file a petition for writ of certiorari with the NMSC, but he is entitled to the 30 days for filing such a writ. See Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir.2000) (statute is tolled for time to take appeal after denial of post-conviction relief). Therefore, his limitation period began to run again on July 19, 2003 (June 19, 2003 plus 30 days).

5.  As of September 28, 1999 petitioner had used up seven months and 23 days of his one year. (February 5, 1999 to September 28, 1999.) After July 19, 2003, he had he had four months and seven days in which to file his petition, which is November 26, 2003. Petitioner filed his federal petition on April 19, 2004. His petition is time-barred.

## RECOMMENDED DISPOSITION

I recommend that Respondent's Motion to Dismiss [Doc. 15] be granted as stated herein and this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge